FILED
2020 FEB 12 PM 1:15
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 20-0042  |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| STEVEN JOHN GRIJALVA, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about December 4, 2019, in Riverside County, within the Central District of California, defendant STEVEN JOHN GRIJALVA knowingly possessed the following ammunition, in and affecting interstate and foreign commerce:

1. Two rounds of Springfield .30-06 ammunition;
2. Three rounds of Winchester .357 caliber ammunition;
3. Three rounds of CBC .357 caliber ammunition; and
4. Three rounds of Winchester 12-gauge ammunition.

Defendant GRIJALVA possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Taking a Vehicle Without Owner's Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Riverside, case number RIF123531, on or about May 24, 2005;

2. Assault with a Weapon Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of Riverside, case number RIF136938, on or about June 20, 2007;

3. Vehicle Theft, in violation of California Penal Code Section 666.5(a), in the Superior Court of the State of California, County of Riverside, case number RIF153489, on or about November 4, 2009; and

4. Addict and Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number RIF1703120, on or about September 8, 2017.

## COUNT TWO

[26 U.S.C. § 5861(d)]

On or about December 4, 2019, in Riverside County, within the Central District of California, defendant STEVEN JOHN GRIJALVA knowingly possessed firearms, namely, two homemade "zip guns," which were weapons and devices capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, which defendant GRIJALVA knew to be firearms, as defined in Title 26, United States Code, Sections 5845(a)(5) and (e), and which had not been registered to defendant GRIJALVA in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts One or Two of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

///

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                            A TRUE BILL

                                            /s/
                                            _____
                                            Foreperson

NICOLA T. HANNA
United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

JOHN A. BALLA
Assistant United States Attorney
Riverside Branch Office